IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-77,730-01






EX PARTE KEITH ALLEN HOOPER, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. CR5922-A IN THE 424TH DISTRICT COURT


FROM LLANO COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of one count of
aggravated assault and one count of retaliation, and was sentenced to forty years' imprisonment. 
The Third Court of Appeals affirmed his conviction. Hooper v. State, No.0-08-00125-CR (Tex.
App. - Austin, October 9, 2009, pet. ref'd).

 Applicant contends, inter alia, that his trial counsel rendered ineffective assistance because
he failed to strike four venire members who expressed bias during voir dire because they had
relatives and friends in law enforcement. Applicant alleges that counsel failed to investigate,
interview or secure witnesses, communicate with Applicant, or review the State's file until the day
of trial. Applicant alleges that counsel did not have the gun tested for fingerprints to show that
Applicant did not use it. He alleges that there were two witnesses, Tory Ivy and Miles Horac, who
would have testified that the gun did not belong to Applicant, but that counsel never contacted them. 
Applicant alleges that witnesses were convinced to testify against him in exchange for having
charges against their relatives dropped. Applicant alleges that these witnesses' trial testimony was
different than their pre-trial statements to police, but that counsel was unaware of the discrepancies
because he never looked at the case file until the day of trial. Applicant also alleges that because of
counsel's unfamiliarity with the record, he did not object to or point out discrepancies in the
testimony of the arresting officers with respect to the retaliation offense. 

 Applicant alleges that counsel did not learn that Applicant was receiving psychoactive
medications in jail, and did not have him evaluated for both sanity and competency. Applicant
alleges that counsel communicated a plea offer to him by telephone, but failed to properly explain
the terms and consequences of the plea to him. Applicant alleges that he would have accepted the
plea offer if he had fully understood it. 

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 668 (1984); Ex parte Patterson, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall order trial counsel to respond to Applicant's claims of ineffective assistance of counsel. The
trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). In the
appropriate case, the trial court may rely on its personal recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. 
If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall first supplement the record with a transcript of Applicant's trial,
including voir dire, along with any documents relevant to jury selection. The supplemented record
shall also include the documents showing the date and circumstances of counsel's appointment, and
any written motions or plea offers filed in the case. The trial court shall then make findings of fact
and conclusions of law as to whether the performance of Applicant's trial counsel was deficient and,
if so, whether counsel's deficient performance prejudiced Applicant. The trial court shall also make
any other findings of fact and conclusions of law that it deems relevant and appropriate to the
disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall
be obtained from this Court.


Filed: June 27, 2012

Do not publish